Mr. Pham in this case is requesting that the court vacate the sentence imposed by the district court and remand for resentencing to a different district court judge. The reason the sentence should be vacated is because it was imposed in violation of established rules. Neither of those rules were violated. Ms. Baird. Well, under United States v. Doe, in a Rule 35 hearing, sentencing hearing, the factors to consider are substantial assistance, which is found within Rule 35, and the general sentencing factors, which are found in 3553, which are defendant's participation in the crime, the facts and circumstances of the crime itself, defendant's history, those types of things. Justice Breyer. And you're saying those weren't considered? It does not appear to be, no. On October 12th, when the court issued its ruling, there was nothing within the transcript, nothing said about those factors by the district court judge. All he said was that he thought it was appropriate that the defendant should receive a life sentence and, therefore, came up with some unknown mortality table to reach that end instead of imposing a sentence that was fair and just. Is there some law that required him to give notice that he was going to use a mortal table? Well, I think it's not so much that it was required to give notice and that it's just, it's completely inappropriate to use a mortality table in fashioning a sentence, because it's not, a mortality table is not what is within Rule 35. Substantial assistance is what the court should consider when considering a Rule 35 motion, or. Do you think district judges don't consider the age of the person that they're sentencing? I think that it is probably considered. However, it's not something that's listed within Rule 35 or 3553 factors. So if I do it silently, it's okay, but if I tell everybody that I'm thinking statistically this man has X years to live, that's wrong? Yes. I think it is. And I think that is. Help me understand why. It is because in this case particularly, the government was requesting the court to impose a 30-year sentence, and the government's position, based on its knowledge of the case, its interactions with the defendant, its knowledge of the defendant's substantial assistance, its knowledge of the defendant's role within the case and all the other 3553 factors, and the government's with the victim's family, was requesting a 30-year sentence. Therefore, it appears that a 30-year sentence is what would have been reasonable in this case. Now, this is just the case. Aren't you just arguing with what the judge did? I'm arguing that the judge erred and used improper factors when fashioning a sentence, and that the 45-year sentence is not. What makes it improper? What rule or what law makes it improper? Well, the U.S. v. Doe case indicates that the Rule 35 substantial assistance and the 3553 factors are what should be considered when. Has somebody got a loud cell phone? The ---- I was trying to visualize. I think Judge Holland and I have both been district judges, and we both have done a lot of sentencing, and I was trying to think why a judge can't consider the age of a defendant in fashioning a sentence as long as it's within, as long as the sentence is within either the statutory boundaries or the guideline boundaries. Now, is this sentence, this is an amended sentence, isn't it? Yes. Is it within, is it within statutory and guideline boundaries? Yes. Well, then what's wrong with it? What's wrong with it is that, one, in fashioning the sentence, the district court judge used that mortality table, and as I laid out in the brief, the mortality table that the court used, it does not appear to be applicable to the defendant in this case. So the judge is actually using a statistic, a statistical analysis that is not applicable to this defendant when fashioning their sentence. So if his purpose was to, according to what he said, was to allow the defendant only a small amount of time at the end of his life to be free from custody, he did not do that by using this incorrect, what appears to be an incorrect mortality table. How do you know it's an incorrect mortality table? Well, it is difficult to tell, but in doing research and looking at all other mortality tables, it appears that the mortality table that the court used is one that applies to typically U.S. individuals who were born and raised in the U.S. and who have adequate and continuous access to medical care. And that's not what the situation was in this case. But he's in the United States where he would get that medical care. Actually, he was born and raised in Vietnam during the Vietnam War. But he's here now. He is here now, Your Honor. And he's in an environment now that is not applicable to that statistic. He is now in prison, where in prison it's a completely different situation. And I've laid that out in my brief as well. You know, there's a prior question that I guess we should mention, because I know the government is going to. Can we even consider that as to say there's an appeal waiver? And, of course, you're going to want to tell us that the appeal waiver doesn't cover this. Why? It doesn't cover this because the district court judge used an improper factor when fashioning the sentence in this case. But the appeal waiver doesn't refer to whether or not the judge did an improper factor. It just says, sorry, you can't appeal the sentence. That's correct. But the case law says that if the sentence is imposed in violation of law, then the appeal waiver is not enforceable. And in this case, we're contending that the district court judge erred when he used this mortality table. And that's precisely why I ask you what law it is that was violated by using that table. And it's the 3553 factors. It's the Rule 35 factors. And it's fundamental fairness, because it's an incorrect mortality table. So he's using an incorrect statistic applied to his defendant. Why don't you sit down for now. We'll hear from the government. And then you've got about three minutes. So we'll hear from you again. Good morning, Your Honors. I'm Ken Malikian. I'm an assistant United States attorney for the Eastern District of California. And of course, I'm representing the United States in this matter. First off, on the question of appeal waiver, are you in agreement that if there's an error of law, the appeal waiver does not apply as to the sentencing? Your Honor, the appeal waiver was absolute. If the court, and it's in the except of record, I believe it's pages 51-1 through 51-13, it's just crystal clear that the defendant waived his right to appeal his conviction on a sentence, period. Well, he bargained off a death penalty. Yes. So the waiver was part of the bargain. It was. But do we have case law that says an appeal waiver with respect to sentence does not waive errors of law in position of the sentence? Not that I'm aware of, Your Honor, no. Let me ask a different question. This is, in a sense, this is not the sentence. That is to say, this is a motion for reduction of sentence. So should I read the appeal waiver to cover not just the original sentencing, but also ruling on a motion to reduce sentence? Your Honor, I think that's a very good question. I tried to cover it in a footnote in my brief. And basically, the government's position is this. It was clear that there was a waiver of any right to appeal the defendant's sentence. Now, that had to apply to just, to more than just the initial sentence, because both parties stipulated that the appropriate sentence was the maximum that could be imposed, life. And since he had stipulated to that sentence, and since the judge could give him no more than that sentence, and since the government agreed to that sentence, a waiver would be just inappropriate in that kind of case. So therefore, excuse me, since the plea agreement specifically referred to the government bringing a Rule 35 motion at a later date, the waiver, excuse me, the waiver of the right to appeal had to apply not only to the initial sentence. Although, for applying the waiver strictly against the government, you could have been a little more explicit, saying not only the original sentence, but also any ruling on motions for reduction of sentence, partly because it was extremely clear from the basis of the order, or rather, the basis of the agreement, that this motion is possible. Yes. We could have been more specific. I can't deny that. Assuming the argument is – assuming the question is in front of us, and of course, I'm not asking you to concede that. What's your response to the argument on the merits about the use of the allegedly erroneous or inapplicable mortality table? Your Honor, the government's response is that – and again, I think it's important that we all remember that this was not an initial sentencing hearing. And I intend to answer the Court's question. I'm just going through a long analysis with the Court's permission. This was not the initial sentencing hearing. That was a rather simple one. Everybody, the Court, and both parties agreed that life was the appropriate sentence. This was a motion to reduce the defendant's sentence for significant cooperation. And after carefully analyzing what the appropriate sentence would be, Judge Shub determined that, well, in my mind, the correct sentence is life. But I understand the government's position, but I don't agree with them as to the extent of the reduction that they're recommending. I want – and this is Judge Shub speaking. I'm putting my words into his mouth. I want the defendant to spend the vast, vast majority of his life in prison. Now, that's unquantifiable. If we – if he said, I want him to be in prison until he's 60, I want him to be in prison until he's 70, that could have been quantified. This is unquantifiable. The judge determined that the appropriate sentence was, and I call it, almost life, a few years of freedom. And no matter how he estimated, it was just an estimate. The defendant could pass away long before the judge's sentence is covered, or he could live to the ripe old age of 95 or 100 and will exceed that. And if he kept his mouth shut as to how he was estimating, I think we wouldn't be here. But he didn't. He rather relied on a mortality table. And I gather, without giving the defendant a chance to say that's inapplicable, and without prior warning that that's what he was going to do, and it may be that the mortality table is inapplicable. I basically conceded in my brief that if Judge Shove had merely said, I want this defendant to spend all but a few years of his life in prison, and this is my best estimate, we – I don't know if we would be here or not, but we wouldn't be here on this issue. I concede that. But I don't think the fact that he did say anything should change matters. It's a mortality table that may not perfectly fit the defendant's situation in terms of having been born in another country, immigrating to this country at a later age, et cetera, et cetera, et cetera, living in prison for the better part of his life, but it is still a mortality table that basically, when referring to the general public, is an accurate one. So I would submit to the Court that clearly, if the Court hadn't said anything below, this issue wouldn't be here, but even though it did, the fact remains that the judge had a sentence in mind of almost life, and he had to do something. In fact, he could have – he could have referred to nothing and just guessed, which I think would have been less accurate than what he did. But if he had just said, I think he's going to live to be 70, and therefore, I'm going to impose the following sentence so that he's released at age 66, that wouldn't be reviewable. And I don't think the Court should be condemned for trying to get a more accurate estimate as to the length of the defendant's life than if he had just merely guessed. Did I eventually answer the Court's question? That's his – I mean, that's a response. Yeah, yeah, sure. Your Honors, without trying to be repetitive of what I've just said and what's in my brief, I think it's clear that the United States v. Doe case permits the district court to consider factors other than the defendant's cooperation in ruling on a Rule 35 motion. And in that court – in that case, the district court just flat-out denied the cooperation of the defendant, but considered other factors under 3553, such as the nature of the drug trafficking conspiracy in that case, the extent of the defendant's involvement, and the large quantities of drugs that were involved. And I submit that's what Judge Shub did here. Clearly, when the record is examined – and I'm talking about the full record. There was a sentencing – excuse me. There was a Rule 35 hearing on October 5th, and there was a Rule 35 hearing on October 12th, when Judge Shub said, I can't decide this now. We'll continue it for a week so that I can make the decision. It's clear that he was considering the nature of this offense. It was a horrible offense. 240 in the morning, a house is torched, and six people are inside. A nine-year-old girl dies. Her uncle has the top third of his body burnt almost beyond recognition with third-degree burns. It was a horrible case. The defendant's involvement is in the record. And I'm referring roughly to pages – excuse me – as of the record, page 29, where the court recognizes that the defendant was essentially a leader in this case. Other than the person who hired him to commit this murder, he was the person who recruited the others to assist him. The judge noted that a little girl would be alive today, but for the defendant's actions. Basically, the court considered the nature and the seriousness of the offense and the defendant's role in it, as the court did in Doe. The court balanced that, as it clearly indicated on the October 12th hearing, against the government's need to obtain cooperation and assistance from persons who commit crimes. And while the judge – while Judge Shub enunciated his opinion that the defendant should be sentenced for life, he did recognize the government's need to obtain assistance and recognize that the government submitted. The defendant, in this case, provided a tremendous amount of assistance and made our ability to prosecute the others who were involved in this case much, much easier – actually made it possible in some regards. His disagreement was with the quantity of the reduction that was recommended. And considering all the balancing factors and all factors that he could legally consider in regards to Rule 35 motion, he reached his conclusion that the defendant should serve the vast majority of his life in prison. I would submit that even though, obviously, the government disagreed below, our recommendation was for 30 years. On the other hand, it's understandable to see where the court was coming from. It was a horrible crime. The judge did have significant knowledge, having sat through a six-week trial of one of the other arsonists in this case. He had taken guilty pleas from all the other individuals, and he knew the facts of this case quite well. And I would submit to the court that though the government had a disagreement as to the appropriate – I'll call it a reward – the defendant should receive in his assisting the government, the court's – the court's decision was not unreasonable. It was certainly something that was well thought out, was well balanced. And considering the absolutely horrific nature of the crime in this case was not necessarily unjustified. I see I have six seconds left, so I will stop unless the court has further questions. Thank you. Thank you very much. Response. As to the waiver, even though Mr. Tom did, in fact, waive his right to appeal within the plea agreement, and the plea agreement did contemplate the Rule 35 motion, he did not waive his right to be free from all errors. He did not waive any ability to appeal if the court were to error. So this doesn't open him up to the whim of the court, so to speak. Yeah, that's a hard argument, though. I mean, if you're waiving appeal, I mean, you're obviously waiving – the only thing you ever appeal is error. Correct. So you can't say I waived appeal, but I didn't waive appeal of error, because that's precisely what waiving an appeal does. Are you arguing that there's a special category of error that's not waivable? No, Your Honor, but there are individuals who, even if they have waived their appeal – right to appeal – go on and appeal, even though there is no error in the record and don't allege error. So if there is error in the record – But they lose. Correct. They do. It's correct. But if there is error, and we are alleging that this was error, if there is error, then the appeal waiver is not enforceable. Well, then, if you're right, then no appeal waiver is any good anymore, because it's a pretty sorry lawyer that can't allege that there's an error somewhere, particularly in a long trial. So where do you draw the line? I mean, I spent most of December screening pro se appeals, and they were all appealing their sentence, and 80 percent of them had signed a waiver, and they all got affirmed, because the waiver took away any real justiciable argument about the sentence. I agree with that. And you said it would be hard press for any attorney to find error after a long trial. Well, this – Or a plea bargain. But in a plea bargain, typically, no. There's very oftentimes not error in a plea. This defendant bargained off a death penalty for felony murder, which was probably richly deserved if anybody still believes in death penalties, which I don't, but if anybody did deserve it, this guy probably did. He bargained that off by cooperating. The government came in and said, well, just give him 30 years, because he's a good cooperator. And he got a little more than 30 years. But if this kind of an error, alleged reversible guerrility on the part of the district judge, is an error that can't be waived, there's no point in having waivers in any of these plea bargains. Your better argument may be that he waived the direct sentence, but he didn't waive the appeal on the ruling on Rule 35 motion. Well, that was my point. When he waived his right, he didn't waive all his rights and he didn't waive all error when it came to the Rule 35. Okay. So I would like to follow up with just two other points. One, what the government is arguing is that the court wanted to sentence Mr. Farm to almost life, essentially. And our position is that the mortality table did not apply in this case. And as I cited in my brief, there's statistics that show an individual who spends 20 years in prison, it takes 16 years off their life. Therefore, if the court wanted, if that was his goal, to allow the defendant to have a couple years of freedom at the end of his life, he precluded that by imposing this sentence. And finally, the government also argued that all of the facts and circumstances of this case and that since this judge sat over the trial and was well aware of all the facts and circumstances of this case, this must be what he was relying upon when issuing the sentence. But according to McBell, which is cited within the brief, we can't speculate about what may have been going through the judge's head when he imposed the sentence. What we have is what occurred on October 12th at the sentencing hearing when the judge explicitly stated the basis for his sentence, and the basis for his sentence was the mortality table. It was an incorrect mortality table. And using a mortality table is in error. Okay. Thank you. Thank you very much for a useful argument on both sides. The case of United States v. Pham is now submitted to decision.
judges: Goodwin, W. Fletcher, Holland